IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH ROBERTSON, *pro se*, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-20-1876 |
| COMPTROLLER OF MARYLAND, | * | Bankruptcy Case No. 18-14916 |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Appellant Keith Robertson ("Appellant" or "Robertson") appeals the June 22, 2020 Order of United States Bankruptcy Judge Michelle M. Harner (ECF No. 304) denying his Motion for Relief from Judgment of the Dismissal of Objection to Proof of Claims (ECF No. 3-5) in his closed Chapter 7 Bankruptcy proceeding. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which extends jurisdiction to the United States District Courts to hear appeals from the final judgments, orders, and decrees of the United States Bankruptcy Courts. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, the June 22, 2020 Order of United States Bankruptcy Judge Michelle M. Harner is AFFIRMED.[1]

---

[1] Also pending in this case are Robertson's Motion for Stay Pending Appeal (ECF No. 6) and the Comptroller's Motion to Dismiss Appeal (ECF No. 8). Because this Court has considered the merits of Robertson's

1

## BACKGROUND

On April 12, 2018 the *pro se* Appellant Keith Robertson ("Appellant" or "Robertson") filed a Chapter 13 bankruptcy petition (Case No. 18-14916) in the United States Bankruptcy Court for the District of Maryland. (Bankruptcy Docket Sheet, ECF No. 3-42.) On October 1, 2018, the Comptroller of Maryland ("Appellee" or "Comptroller") filed a Proof of Claim for tax years 2002 through 2007, 2011, 2012, and 2013. (Proof of Claim, ECF No. 3-10.) On October 23, 2018, Robertson's motion to convert his Chapter 13 bankruptcy proceeding to a Chapter 7 bankruptcy proceeding was granted. (Bankruptcy Docket Sheet, ECF No. 3-42.) On or about November 27, 2018, Robertson filed Maryland income tax returns for tax years 2014, 2015, 2016, and 2017 with the Comptroller. (2014 Return, ECF No. 3-12; 2015 Return, ECF No. 3-13; 2016 Return, ECF No. 3-14; 2017 Return, ECF No. 3-15.) On January 24, 2019, Robertson was granted a discharge pursuant to 11 U.S.C. § 727, and his Chapter 7 bankruptcy case was closed. (Order of Discharge, ECF No. 3-41.)

On April 19, 2019, the Comptroller issued Robertson a notice of an income tax wage lien for tax years 2012 through 2017. (Notice of Income Tax Wage Lien, ECF No. 3-35 at 6.) The Comptroller also sent the notice to Robertson's employer. (*Id.*) On May 6, 2019, Robertson filed a Motion to Reopen his Chapter 7 case. (Bankruptcy Docket Sheet, ECF No. 3-42.) The Bankruptcy Court reopened Robertson's case only to determine the penalties associated with non-discharged tax and interest. (*Sua Sponte* Order, ECF No. 3-31.) A hearing was held on May 14, 2019, where the Bankruptcy Court advised Robertson to

---

appeal and will affirm the Bankruptcy Court's Order, Robertson's Motion for Stay Pending Appeal (ECF No. 6) and the Comptroller's Motion to Dismiss Appeal (ECF No. 8) are DENIED AS MOOT.

2

produce additional evidence supporting his claim of timely filing his Maryland income tax returns. (*Id.* at 3.) The Bankruptcy Court subsequently held an evidentiary hearing on June 4, 2019 where Robertson and the Comptroller presented Robertson's State tax returns for the tax years 2011 through 2017. (*Id.* at 3-5.) The Bankruptcy Court determined that the State income taxes and associated interest for the tax years 2012 through 2017 were not discharged. (*Id.* at 5-7.) The Bankruptcy Court also concluded, and the Comptroller conceded, that the assessed tax penalties for the tax year 2011 were discharged. (*Id.*; February 11, 2020 Order, ECF No. 3-16; Comptroller Response to *Sua Sponte* Order, ECF No. 3-30.)

On November 8, 2019, Robertson filed an Objection to Proof of Claim against the Comptroller, asserting that the income tax liability claim against him should have been $3,385.82 instead of $77,336.47. (Objection to Proof of Claim, ECF No. 3-27.) On February 4, 2020, the Bankruptcy Court held a hearing where it overruled Robertson's Objection and closed Robertson's case.[2] (Bankruptcy Docket, ECF No. 3-42.) On February 10, 2020, Robertson filed a Motion for Relief from Judgment, asking the Bankruptcy Court to reconsider his objection to proof of claim and to reinstate his adversarial proceeding. (Motion for Relief from Judgment, ECF No. 3-5.) Bankruptcy Judge Michelle M. Harner considered the Motion in accordance with Federal Rule of Civil Procedure 60, which is applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024. (June 22, 2020 Order, ECF No. 3-4.) Judge Harner denied Robertson's Motion for Relief from Judgment because he had not shown any change in circumstances,

---

[2] The Bankruptcy Court's ruling was memorialized via a Final Order filed on February 11, 2020. (Final Order, ECF No. 3-16.)

3

extraordinary circumstances, or injustice relating to the prior rulings. (*Id.*) Judge Harner explained that the relief requested by Robertson, specifically the determination of the amount of tax debt due, was not appropriately pursued in bankruptcy court, as "Congress has determined to limit a debtor's ability to discharge certain tax debt, and the [Bankruptcy] Court must follow that decision." (*Id.* at 9-10.) Robertson timely appealed Judge Harner's Order to this Court. (Notice of Appeal, ECF No. 1.)

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). An abuse of discretion standard applies in the review of the Bankruptcy Court's denial of a Rule 60(b) motion. *See Nat'l Org. for Women v. Operation Rescue,* 47 F.3d 667, 669 (4th Cir. 1995) ("the power of a district court to vacate a judgment under Federal Rule of Civil Procedure 60(b) rests within the district court's equitable powers, and its decision will not be disturbed on appeal absent a showing of an abuse of discretion."). "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first

4

instance." *Evans v. Eaton Corp. Long Term Disability Plan,* 514 F.3d 315, 322 (4th Cir.2008) (citation omitted). The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013; *see also In re White,* 128 Fed. Appx. 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson,* 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D. Md. Dec. 4, 2006).

## ANALYSIS

The Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As noted above, this Court reviews the Bankruptcy Court's denial of Robertson's Rule 60(b) motion under an abuse of discretion standard. *See Nat'l Org. for Women v. Operation Rescue,* 47 F.3d 667, 669 (4th Cir. 1995). Accordingly, Robertson's appeal does not raise the merits of the underlying decision from which Robertson sought relief. *See Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 263 n.7 ("[An] appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."). Rather, the Court considers only whether the Bankruptcy Court abused its discretion in denying Robertson's motion for relief from judgment. It is abundantly clear that the Bankruptcy Court operated well within its discretion to deny the extraordinary relief sought by Robertson in his Rule 60(b) motion.

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.,* 305 Fed. Appx. 987, 988 (4th Cir.2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir.1993)). If these threshold requirements are met, the moving party must then show: (1)

5

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.  *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley,* 988 F.2d 1, 3 (4th Cir.1992) (citations omitted).  "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States,* No. WMN–10–520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (Nickerson, J.) (quoting *Compton v. Alton Steamship Co., Inc.,* 608 F.2d 96, 102 (4th Cir.1982)).

The crux of Robertson's Rule 60(b) motion is that the Bankruptcy Court improperly precluded him from providing relevant information supporting his claim that his state tax debts should have been discharged.  In reviewing Robertson's motion and the entirety of the bankruptcy record, Judge Harner determined there existed no grounds for relief as Robertson had not shown a change in circumstance, extraordinary circumstances, or injustice. (ECF No. 3-4 at 10.) Judge Harner explained that while "[t]he Court understands the Debtor's desire to discharge or reduce his tax liabilities…it can only provide the Debtor such relief as permitted by the Bankruptcy Code and applicable law." (*Id.*)  Relying on Bankruptcy Code Section 505(a)(1), which grants a bankruptcy court the discretion to abstain from hearing tax matters and defer to the appropriate taxing authority or non-bankruptcy court, Judge Harner noted Robertson's "ability to contest the amount or validity

6

of the nondischargeable tax debt under nonbankruptcy law." (*Id.* at 10 n.10 (citing 11 U.S.C.A. § 505(a)(1)).) Specifically, Maryland's tax law provides a procedure for all individuals who wish to contest an income tax assessment. (*Id.* at 10 n.11 (citing Md. Code Ann., Tax-Gen. § 13-508).) Judge Harner appropriately exercised her discretion in abstaining from making determinations of state income tax assessment. As a result, this Court finds no error in the Bankruptcy Court's denial of Robertson's motion as Robertson's requested relief is more properly pursued in the state tax system. Accordingly, this Court will not disturb the Bankruptcy Court's holding.

## **CONCLUSION**

For the reasons stated above, there is nothing in the record of this case to lead the Court to conclude that the Bankruptcy Court abused its discretion in denying Appellant's Rule 60(b) motion. Accordingly, the June 22, 2020 Order of United States Bankruptcy Judge Michelle M. Harner denying Appellant's Rule 60(b) Motion for Relief from Judgment is AFFIRMED. Robertson's Motion for Stay Pending Appeal (ECF No. 6) and the Comptroller's Motion to Dismiss Appeal (ECF No. 8) are DENIED AS MOOT.

A separate Order follows.

Dated: November 16, 2020

/s/
Richard D. Bennett
United States District Judge